Arthur SHEINER, Plaintiff,

v.

The CITY OF NEW YORK, Defendant.

No. 83 CV 2802.

United States District Court,
E.D. New York.

June 12, 1985.

Weg & Myers, P.C., New York City (Ira M. Myers, Harry Cummins and Jonathan Wilkofsky, New York City, of counsel), for plaintiff.

Frederick A.O. Schwarz, Jr., Corp. Counsel of City of New York, New York City, Howard S. Weiss, Gary R. Tarnoff and Gabriel Taussig, New York City, (of counsel), for defendant.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is an action under 42 U.S.C. § 1983, and under common-law theories of trespass and negligence, to recover for the alleged wrongful destruction of plaintiff's house. Each party has moved for summary judg-

ment. Fed.R.Civ.P. 56. Alternatively, plaintiff seeks leave to amend his complaint. Fed.R.Civ.P. 15. For the reasons developed below, summary judgment will be entered for defendant.

### Facts

The undisputed material facts are as follows. Plaintiff, at all times relevant to this action, resided in Nassau County at 30 Vernon Avenue, Atlantic Beach, New York. During this time he was the record owner of real property located in New York City at 44–04 Hough Place, also known as 44–04 Norton Avenue, Queens, New York (the "property"). As of September 18, 1981 there was a one-story frame house on the property. Sometime in 1982, however, that house was demolished without plaintiff's knowledge or permission, pursuant to an Order of the New York Supreme Court, Queens County.

Razing defendant's house was the culmination of proceedings instituted by defendant's Department of Buildings (the "Department"). Article 8 of Part I of Chapter 26, Title C of the Administrative Code of the City of New York (the "Code") governs the removal and repair of unsafe buildings within the City. Article 8 states defendant's policy regarding the procedures to be followed for the demolition or removal of such unsafe buildings.

Section C26–80.0 of the Code provides that any vacant building not continuously guarded, or not sealed and secured against unauthorized entry, is deemed dangerous to human life, health and morals. When a Department employee reports that a building is unsafe within the meaning of Article 8, the Department must serve the owner with a notice containing, *inter alia,* an order requiring him to bring the building into conformity with the Code. *Id.* § 80.-5(a) (the "Notice and Order"). The notice must further state that upon the owner's failure to comply, a survey will be made. If the surveyors report that the building is unsafe, then a trial upon the allegations of the report will take place in New York Supreme Court. *Id.*

The prescribed Notice and Order must be served personally on the owner if he can be found within the City of New York after diligent search. *Id.* § 80.5(b). If after such search the owner cannot be served, the Code requires that the Notice and Order be posted on the building to which they refer, and be mailed to the owner at his last known address. *Id.* §§ 80.5(b), 84.-5(d).

In December, 1981 a process-server employed by defendant visited the property three times in an attempt to serve plaintiff personally with a combined Notice of Unsafe Building and Structure, Order, Notice of Survey and Summons. Finally, having been unable to locate plaintiff, the server affixed the Notice and Order to the door of the building and mailed a second copy to plaintiff at his residence in Atlantic Beach.

The Notice and Order informed plaintiff that his house on Norton Avenue was unsafe because it was open, vacant and unguarded. The Order required plaintiff either to make the building safe by securing it or to take the building down. It also required plaintiff immediately to inform the Queens Borough Superintendent of Buildings whether he assented to the Order, otherwise a survey would be made on January 4, 1982. If the building was reported unsafe by the surveyors, a trial would be held in Supreme Court, Queens County, on January 27, 1982 to determine whether the building should be secured or demolished.

Plaintiff never contacted the Superintendent of Buildings, and on January 4, 1982 a survey of the building was made. The surveyors concluded that the building was unsafe in that it was open, vacant and unguarded, with rubbish and debris throughout. They recommended that the building be either restored to its last lawful occupancy, sealed, or demolished.

A trial on the allegations in the survey was held on January 27, 1982. *In the Matter of the Application of the City of New York Against the Unsafe Building and Structure Located at 44–04 Norton*

*Avenue,* No. 1243/82 (Supreme Ct. Queens County). Upon plaintiff's default, the action was tried to the Court, which heard testimony from one of the surveyors and received an affidavit from defendant's process-server.

That same day, the Court issued a precept finding that: (1) plaintiff had been duly served with the Notice and Order; (2) the building was open, vacant and unguarded; (3) windows and doors were broken or missing; (4) there was rubbish throughout the building; and (5) the building was a "fire, health and moral hazard." Exhibit 6 to Affidavit of Howard S. Weiss. The Court ordered the building demolished and the debris removed.

Sometime thereafter, the house was destroyed. Upon learning of this, plaintiff made an administrative claim to defendant. When that proved fruitless, plaintiff filed this action.

## *Discussion*

### 1. *Collateral Attack on the Prior State Judgment*

Plaintiff claims he was never served with the Notice and Order, and that defendant's procedure for notifying him of the condemnation proceedings against his property is constitutionally deficient. Thus, argues plaintiff, he was deprived of his property without due process.

Defendant contends that plaintiff is barred by res judicata and collateral estoppel from litigating the constitutionality of the Code's notice provisions, and that, even if plaintiff is not so barred, he should first be required to raise this claim in the state court before filing a federal civil rights action.

■ General principles of claim and issue preclusion apply in civil rights cases just as in any other civil action. *See Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 898, 79 L.Ed.2d 56 (1984); *Allen v. McCurry,* 449 U.S. 90, 97, 101 S.Ct. 411, 416, 66

L.Ed.2d 308 (1980). A predicate of any of kind of preclusion, however, is a valid prior judgment. *Conway v. Samet,* 59 Misc.2d 666, 300 N.Y.S.2d 243 (Supreme Ct. Nassau County 1969). If the Court rendering the challenged judgment never had jurisdiction over the person of the defendant or the *res* of the action, any such judgment is void and, therefore, subject to collateral attack. *Bartels v. International Commodities Corp.,* 435 F.Supp. 865, 867 (D.Conn.1977). That attack may be made in any proceeding in any Court where the validity of the judgment comes in issue. *Collins v. Foreman,* 729 F.2d 108, 111 (2d Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 218, 83 L.Ed.2d 148 (1984).

■ Plaintiff in this action, by alleging he was never served with process, and by challenging the constitutionality of the Code's notice provisions, is claiming the state court judgment is void for want of jurisdiction. His claim may properly be raised for the first time in this action.

### 2. *Plaintiff's § 1983 Claim*

Plaintiff alleges that the state court never acquired jurisdiction over him or his property because he was never served with the Notice and Order. Defendant's affidavits, however, establish that plaintiff was indeed served, notwithstanding plaintiff's claim that he did not receive actual notice of the proceedings.

■ Defendant's process-server visited plaintiff's property three times in an effort to serve plaintiff personally. Exhibit 4 to Affidavit of Howard S. Weiss. Unable to find plaintiff, the process-server affixed the Notice and Order to the door of the property, and mailed another copy to plaintiff's Long Island residence—30 Vernon Avenue, Atlantic Beach, N.Y. Deposition of Alan Fields 24–25. A copy of a Post Office Certificate of Mailing appears on the affidavit of service. The correctness of plaintiff's residence is not in dispute and the Notice and Order was not returned to the City undelivered.[1]

---

1. The City has a procedure for identifying when

copies of Notices and Orders are returned unde-

Plaintiff's affidavits in opposition do not raise a serious issue as to whether the process-server actually visited the property, affixed the Notice and Order, and mailed them to plaintiff's residence. Plaintiff merely alleges that sometime *after* the process-server visited the property, plaintiff visited the property but did not find the Notice and Order. He also denies receiving the Notice and Order at his residence. These allegations do not raise a genuine issue of fact as to whether the affixing and mailing actually occurred. The undisputed material facts establish that plaintiff was served with the Notice and Order within the meaning of the Code's notice statutes.

Plaintiff next contends that, even if he was served in accordance with the City's statutes, those statutes are unconstitutional. Defendant suggests that the Court need not address that question, because adequate state remedies exist to compensate plaintiff for any loss he has suffered, and thus plaintiff has not been deprived of property without due process. *See Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Plaintiff counters that the existence of post-deprivation remedies does not bar this action.

■ When a person is deprived of his interest in property by a state official's random, unauthorized act, procedural due process may be satisfied if there exists an adequate post-deprivation remedy. *Parratt v. Taylor,* 451 U.S. 527, 541–546, 101 S.Ct. 1908, 1916–1918, 68 L.Ed.2d 420 (1981); *Holmes v. Ward,* 566 F.Supp. 863, 864–865 (E.D.N.Y.1983). When the deprivation occurs because of an established state procedure, however, then due process requires the existence of adequate pre-deprivation safeguards. *See Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 436, 102 S.Ct. 1148, 1158, 71 L.Ed.2d 265 (1982); *Holmes v. Ward, supra,* 566 F.Supp. at 866–67.

There can be no question that the destruction of plaintiff's house was the result of established state procedure. *See Burtnieks v. City of New York,* 716 F.2d 982, 988 (2d Cir.1983). Accordingly, the Court must address plaintiff's contention that the City's pre-deprivation procedure for giving notice of pending condemnation proceedings is unconstitutional.

■ It is, of course, an axion of Due Process that a court cannot adjudicate a controversy without first notifying the defendant. What is required is "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Actual receipt of notice is not constitutionally required; "[t]he sufficiency of notice must be tested with reference to its ability to inform people of the pendency of proceedings that affect their interests." *Greene v. Lindsey,* 456 U.S. 444, 102 S.Ct. 1874, 1879, 72 L.Ed.2d 249 (1982).

In *Greene v. Lindsey,* 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982), the Supreme Court struck down a Kentucky statute permitting service of process in forcible entry and detainer proceedings by posting a notice on the premises to be repossessed. Because the notice might be removed by someone other than the tenant interested in the proceedings, the Court held that posting alone did not give the reasonable assurance of actual notice required by the Due Process Clause. *Id.* 102 S.Ct. at 1879–80. The Court went on to endorse mailing the notice as "an 'efficient and inexpensive means of communication.'" *Id.* 102 S.Ct. at 1880 (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 399 U.S. 306, 319, 70 S.Ct. 652, 660, 94 L.Ed. 865 (1950)). *Cf. Mennonite Board of Missions v. Adams,*

livered by the Postal Service. The returned mail is sent to the borough office in which the property that is the subject of the unsafe buildings action is located. When the papers necessary for trial are filed in New York Supreme

Court, a copy of the returned envelope is included, thus notifying the Court that the property owner did not receive notice by mail. Affidavit of Philip E. Olin, P.E. ¶¶ 5, 6.

462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) (publication in county office and posting insufficient to provide mortgagee with notice of real property sale).

 In the present case, the Notice and Order describing an allegedly unsafe condition were served in accordance with §§ C26–80.5(b) and 84.5(d) of the Administrative Code. Section 80.5(b) requires that the Notice and Order be personally served on the addressee, if that person can be found within the city. If personal service cannot be made, then § 84.5(d) authorizes posting the Notice and Order on the violative premises, and mailing a copy to the addressee's last known place of residence. Unable to make personal service upon plaintiff, defendant's process-server used this alternative method of "nail and mail."

Measured against the Due Process standards articulated in *Mullane* and *Greene*, the notice provisions in §§ C26–80.5(b) and 84.5(d) are constitutionally sufficient. Posting the notice on the premises itself creates a reasonable possibility that the owner will receive actual notice. Indeed, notwithstanding its holding in *Greene*, the Supreme Court has recognized that such service "would, in many or perhaps most instances, constitute not only a constitutionally acceptable means of service, but indeed a singularly appropriate and effective [means of ensuring actual notice]." *Greene v. Lindsay, supra,* 102 S.Ct. at 1879; *see Mullane v. Central Bank & Trust Co., supra,* 339 U.S. at 316, 70 S.Ct. at 658 ("[E]ntry upon real estate in the name of law may reasonably be expected to come promptly to the owner's attention.").

Though posting alone may in some cases be insufficient, when coupled with mailing to the owner's last known residence—the correctness of which is not disputed in this case—it is reasonably calculated to give adequate notice to the property owner of proceedings affecting his interests. Accordingly, I hold that the Code's notice provisions are constitutional. *Cf. Sterling v. Environmental Control Board,* No. 80 CV 1844, slip op. (E.D.N.Y. 1982) (upholding New York City "nail and mail" statute used to serve notice of sanitation violations).

Plaintiff has failed to raise triable issues of fact, either as to the City's compliance with its own procedures or as to the constitutionality of those procedures. Accordingly, he has failed to state a claim under § 1983, and summary judgment for defendant is appropriate.

 In light of the dismissal of plaintiff's federal claim, the Court will not exercise jurisdiction over the pendent common-law claims. I have reviewed plaintiff's proposed amended complaint in light of my present holding. Because amending the complaint would be futile, the motion to amend is denied.

For the foregoing reasons, the Clerk of the Court is directed to enter summary judgment for defendant and to dismiss plaintiff's complaint.