**In re MAXWELL NEWSPAPERS, INC. d/b/a Daily News, Debtor–Appellee,**

v.

**The TRAVELERS INDEMNITY COMPANY, Appellant.**

No. 94 Civ. 1986 (RO).

United States District Court,
S.D. New York.

July 29, 1994.

Louis A. Scarella, Phillips, Nizer, Benjamin, Krim & Ballon, Garden City, NY, for appellant.

Howard Seife, Winston & Strawn, New York City, for debtor-appellee.

## OPINION AND ORDER

OWEN, District Judge.

The Travelers Indemnity Company appeals from Bankruptcy Court Judge Brozman's January 1994 decision to vacate a Stipulation she had approved two years earlier. The Stipulation provided for the payment by Travelers to debtor Maxwell Newspapers of $41,034.00 and the recognition of certain reciprocal setoff rights, and also contained a provision releasing Travelers from any future liability to the debtor. Before its adoption, the Stipulation was served on counsel to the debtor's Committee of Unsecured Creditors and to eleven of the Committee's initial members. No objection to the Stipulation was filed.

Four months after Judge Brozman approved the Stipulation, the debtor assigned to the Committee of Unsecured Creditors causes of action accruing to the debtor under §§ 542–549 of the Bankruptcy Code. Fol-

lowing this assignment, the Committee undertook a review of potential preferential transfers made by the debtor, and determined that causes of action existed against Travelers, for several transfers totalling $2.4 million, made by the debtor to Travelers within ninety days prior to the Bankruptcy Petition Date.

The Committee, realizing that this potential action might be hampered by the release granted to Travelers by the Stipulation, moved to vacate the Stipulation pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. It argued that the Bankruptcy Court approved the Stipulation without the benefit of disclosure of any bankruptcy claims. Neither the Stipulation Motion nor the annexed documents laid out the dates upon which the debtor made the alleged preferential payments to Travelers, and these dates were crucial to determining the very existence of preference claims. However, these crucial payments and dates were included in a Schedule, a document of record filed with the Bankruptcy Court eight months prior to the Stipulation Motion.

Judge Brozman vacated the Stipulation pursuant to FRCP 60(b)(3), finding that the Stipulation Motion contained material omissions that "had the effect of lulling the reader into the mistaken belief that the range of dispute was in the tens of thousands, rather than millions, of dollars." Travelers appeals on the theory that the Bankruptcy Court possessed full disclosure in the form of the publicly filed Schedule, and points out that the very purpose of requiring a debtor to file a Statement of Financial Affairs is to assure that adequate information is available to those interested in the administration of the bankruptcy estate.

■■■ It is well settled that bankruptcy courts, as courts of equity, have the power to reconsider, modify, or vacate a previous order so long as no intervening rights have become vested in reliance on such order. *In re Lenox,* 902 F.2d 737, 738 (9th Cir.1990). However, stipulations are not to be lightly set aside by a bankruptcy court, *Id.* and it is troublesome that neither the debtor's nor the Committee's attorneys made any effort to check the filed payment schedule for possible preference actions against Travelers before consenting to a general release of liability in the Stipulation.

■■■ On the other hand, a Bankruptcy Court approving a compromise in reorganization proceedings has a qualitatively different role than would a district court judge approving a compromise between individual litigants. Bankruptcy Judges have a fiduciary obligation to protect creditors, and the supervising court must play a "quasi-inquisitorial role", ensuring that all aspects of a proposed compromise are "fair and equitable." *See Matter of Boston & Providence Railroad Corp.,* 673 F.2d 11, 12 (1st Cir.1982). Bankruptcy Judges must make such determinations against a background of all facts necessary for an "intelligent and objective opinion," and have an independent duty to examine settlements even where the creditors and other parties in interest are silent. *See In re Crowthers McCall Pattern, Inc.,* 120 B.R. 279, 287 (Bkrtcy.S.D.N.Y.1990):

> "The fact that courts do not ordinarily scrutinize the merits of compromises involved in suits between individual litigants cannot affect the duty of a bankruptcy court to determine that a proposed compromise forming part of a reorganization plan is fair and equitable. *In re Chicago Rapid Transit Co.,* 196 F.2d 484 (C.A. 7th Cir.1952). There can be no informed and independent judgment as to whether a proposed compromise is fair and equitable until the bankruptcy judge has apprised himself of all facts necessary for an intelligent and objective opinion...." *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, Trustee in Bankruptcy, et al.,* 390 U.S. 414, 424, 88 S.Ct. 1157, 1163, 20 L.Ed.2d 1 (1968).

The documents attached to the Stipulation Motion did not contain the dates suggesting alleged preferential payments to Travelers. This led to an ill-considered Stipulation. Accordingly, the order of Judge Brozman vacating the Stipulation is affirmed, or in the alternative, if the Committee and Travelers agree, the Stipulation may stand, modified to

exclude the preference claims of the Committee from the release.