**In re BLUTRICH HERMAN & MILLER, Debtor.**

**Richard O'CONNELL, as Trustee, Plaintiff,**

v.

**THREE PARK AVENUE BUILDING CO., L.P., Richard P. Herman, P.C. and The Seavey Organization, Inc., Defendants.**

Bankruptcy No. 97 B 47248(TLB).
Adversary No. 98–A 9089A.

United States Bankruptcy Court, S.D. New York.

Nov. 16, 1998.

Itkowitz & Harwood by Donald A. Harwood, Allyn J. Crawford, Lisa Blustein, New York City, for the Three Park Avenue Building Co.

Zivyak, Klein & Liss, L.L.P. by Jeffrey L. Zivyak, New York City, for the Chapter 7 trustee.

Richard B. Herman, P.C., New York City, pro se.

Gilbride, Tusa, Last & Spellane, L.L.C. by Kirsti A. Reidel, New York City, for The Seavey Organization, Inc.

## OPINION ON MOTION TO DISMISS

TINA L. BROZMAN, Chief Judge.

Challenging the propriety of entry of the order for relief in this involuntary partnership bankruptcy—relief granted despite the petitioning partner's admitted failure to serve the summons and involuntary petition on the alleged debtor and its non-petitioning partners—the defendant urges that the adversary proceeding commenced by the chapter 7 trustee appointed in reliance on that order for relief must fall for want of jurisdiction. Three Park Avenue Building Co. (the "Landlord") pins its motion to dismiss on Federal Rules of Civil Procedure ("Fed. R.Civ.P.") 12(b)(2), (5) and (6) and Federal Rules of Bankruptcy Procedure ("Fed. R.Bankr.P.") 7004 and 7012 for lack of personal jurisdiction, insufficiency of service of process and failure to state a claim upon which relief can be granted. Because I find the jurisdictional argument dispositive, I do not reach the other arguments made by the Landlord.

### I.

#### A. The Alleged Debtor

Blutrich Herman & Miller ("BHM") was a New York general partnership consisting of four partners, Michael D. Blutrich, Richard B. Herman, Robert Miller and Steven Brown. *See* (Objections, ¶ 3 & 4 ["Main Case "MC" Document 5"]). Herman asserts that in January, 1995, the partners ceased practicing as a partnership, forming, instead, a new entity known as Blutrich, Herman & Miller, LLP. *See* (Affidavit in Opposition, related case no. 98B43569, ¶ 4). In any event, it does not appear that the partnership, which is the debtor in these proceedings, was ever formally wound up.

#### B. The Lease

Like most law firms (I say "most" because, in this day and age of "virtual" entities, for all I know, there may be virtual law firms out there existing only in cyberspace), this one needed an office. To that end, BHM and its Landlord had entered into a ten-year lease dated March 11, 1994, for premises located on a portion of the 38th floor at Three Park Avenue, New York, New York. To secure the Landlord, BHM delivered an irrevocable letter of credit payable to the Landlord from European American Bank ("EAB") in the amount of $253,820. When the August 1997 rent went unpaid, the Landlord drew down a portion of the letter of credit and demanded of BHM that it replenish the security deposit. This request went unfulfilled. By this time, if Herman's assertions are correct, BHM was no longer operational, but no agreement of surrender relieving it of liability had been entered into, nor, as mentioned but a moment ago, had BHM formally wound up its affairs under New York's Partnership Law. Relying on certain explicit lease provisions, on October 8, 1997, the Landlord served a ten-day termination notice on BHM. The lawyers who were practicing in the space failed to vacate the premises. So, on October 21, 1997, the Landlord commenced holdover proceedings by serving a notice and petition on BHM.

#### C. The Involuntary Petition

A mere ten days after the Landlord commenced suit to oust the law firm, a date which, by happenstance, was Halloween, Michael Blutrich "tricked" rather than "treated" his partners. Without obtaining their consent, he filed, as the sole petitioning partner, a summons and involuntary chapter 7 petition against BHM. Continuing in the "trick" mode, he ignored the procedural mandates of the Bankruptcy Rules, failing to serve BHM and his non-filing partners with the summons and involuntary petition. *See* (Document 5, ¶ 3); (Purported Notice of Discontinuance ["MC Document 6"], ¶ 2). Blutrich was made aware of the deficiency by the Clerk of the Bankruptcy Court in mid-December 1997 but did not file the requested affidavit of service presumably because he did not thereupon undertake to serve the summons and involuntary petition. Instead, on January 5, 1998, Blutrich filed, in the form of an affirmation, a purported discontinuance of the bankruptcy case in which he stated that he had never served the involuntary petition.

True to this new course, Blutrich subsequently notified the Landlord that he was

voluntarily discontinuing the case. During all this time, the Landlord had continued to draw down the letter of credit to compensate itself for the unpaid, accruing rent. After Blutrich's attempt to end the bankruptcy, the lawyers practicing in the space vacated the premises, clearing the way for the Landlord to relet the space to two not-so-new tenants: Herman and The Seavey Organization, Inc., previously a subtenant of BHM's. Once these new tenants were installed, they began paying the rent.

### D. Proceedings in the Involuntary Case

Blutrich's purported discontinuance went largely ignored given that no motion on notice to BHM's creditors accompanied it. For reasons that are unclear in the record, the United States Trustee appointed a chapter 7 trustee notwithstanding that there had not been entered any order for relief granting the involuntary petition. In early January, 1998, that initial trustee moved for an order designating Herman as the person responsible to perform the debtor's duties. Herman objected, asserting that the summons and involuntary petition had never been served on any of the partners or the alleged debtor, noting that Blutrich had requested the case be discontinued, and requesting that the involuntary case be dismissed. *See* (MC Document 5, ¶ 3, 4, 5 & 6). Declining to enter the trustee's order, I endorsed it on January 6, 1998, with the following words: "[i]nasmuch as no order for relief has been entered in this involuntary case, no trustee has been validly appointed and the relief requested is inappropriate." *See* (Notice of Presentment, dated January 7, 1998 ["MC Documents 7 & 8"]). Galvanized by my refusal to enter the trustee's order, on March 10, 1998, EAB moved for the entry of an order for relief coupled with the appointment of an interim trustee or, alternatively, for the dismissal of the involuntary petition. EAB's application recited that the summons and involuntary petition were never served on the other part-

ners and the alleged debtor and that Blutrich wished to discontinue the proceeding. Nevertheless, for reasons which do not appear of record,[1] one of my colleagues, hearing EAB's motion in my absence, signed an order for relief and ordered the appointment of a second chapter 7 trustee. That order was docketed on April 4, 1998. None of (i) the motion for the entry of an order for relief or, in the alternative, dismissal of the case (ii) the notice of entry of the order for relief, dated April 8, 1998, nor (iii) the notice of commencement of the case, dated April 17, 1998, was served on Blutrich (except EAB's motion which was served on him c/o BHM)[2], Herman, Miller or Brown.

The newly-appointed chapter 7 trustee, Richard O'Connell, commenced the adversary proceeding which gives rise to this opinion on August 14, 1998, in order to recover the remaining proceeds from the letter of credit, which he deemed to be property of the debtor's estate. Richard P. Herman, P.C., a. named defendant, answered the complaint, with Herman specifically preserving as an affirmative defense this court's lack of jurisdiction as a result of what he termed the improper filing of the BHM case.

The adversary proceeding was not the trustee's only skirmish with Herman. The trustee also commenced an involuntary chapter 7 case against him individually. In response thereto, Herman controverted the petition, maintaining, much as he did in the adversary proceeding, that his individual case had been commenced by a petitioner, the trustee, who had been wrongly appointed in the BHM case and thus lacked power to viably institute Herman's involuntary case.[3]

### II.

The Landlord asserts that the complaint in the trustee's adversary proceeding must be dismissed as a nullity because the underlying involuntary petition and attendant summons

---

**1.** The order recites that the petition had been served on the debtor. Why this recital is in the order is a mystery inasmuch as the record flatly contradicts the recital. In any event, the order does not make a similar recital respecting the non-filing partners.

**2.** Whether Blutrich ever received the motion is unknown, for at some point after he filed the BHM petition he entered the Federal Witness Protection Program.

**3.** With the consent of the trustee, no order for relief has been entered in that case.

were never served on the debtor and its general partners as required by Fed. R.Bankr.P. 1004(b), 1010 and 7004(f). Additionally, the Landlord contends, Blutrich voluntarily discontinued the case pursuant to Fed.R.Bankr.P. 7041. The trustee, on the other hand, condemns what he views as a collateral attack on the order for relief and further argues that Fed.R.Civ.P. 41 is ineffective to discontinue an involuntary petition. Instead, he urges, a motion on notice to all creditors and a hearing pursuant to § 303(j) is the appropriate vehicle for such relief.

## III.

### A. The Notice of Discontinuance

 Fed.R.Bankr.P. 1018 governs which of the bankruptcy rules apply to contested involuntary petitions; Fed.R.Bankr.P. 7041 does not figure among them. The absence of Fed.R.Bankr.P. 7041 is unremarkable, however, because § 303(j) of the Bankruptcy Code mandates that an involuntary petition may not be dismissed simply on the say-so of the petitioners, with the consent of the alleged debtor, or for want of prosecution unless there has first been made a motion on notice to creditors. This procedure affords them the opportunity to join in the involuntary petition and contest the dismissal, or contest the terms on which dismissal is sought. Although Fed.R.Bankr.P. 1018 permits the court the discretion to apply any of the omitted adversary proceeding rules where an involuntary petition is contested, the court cannot deviate from the mandated notice to creditors under § 303(j), unless, perhaps, the petition is so facially defective as to not confer subject matter jurisdiction on the court. Because, here, no motion was made under § 303(j), Fed.R.Bankr.P. 7041 does not apply and the petition is not defective on its face, Blutrich's notice of discontinuance was ineffective to accomplish its intended end, cessation of the involuntary case.

We thus move on to the jurisdictional challenge.

### B. The Order for Relief

 Although the Landlord does not admit it in so many words, it wishes to collaterally attack the order for relief. This is not to say, however, that that attack is necessarily impermissible. "If the Court rendering the challenged judgment never had jurisdiction over the person of the defendant or the *res* of the action, any such judgment is void and, therefore, subject to collateral attack. That attack may be made in any proceeding in any Court where the validity of the judgment comes in issue." *Sheiner v. City of New York*, 611 F.Supp. 172, 175 (E.D.N.Y.1985) (*citing Collins v. Foreman*, 729 F.2d 108, 111 (2d Cir.), *cert. denied*, 469 U.S. 870, 105 S.Ct. 218, 83 L.Ed.2d 148 (1984)); 16 Coquillette, *Moore's Federal Practice*, § 108.03[2] at 108–16 (3rd ed.1998). "Collateral attack seeks, as a necessary incident to relief otherwise within the court's power to grant, a declaration that a judgment is void" because of lack of jurisdiction or some other equally fundamental defect. *Schlesinger v. Councilman*, 420 U.S. 738, 746–47, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975). A court is empowered to overturn a void judgment at any time, even if the moving party is guilty of laches. *See Trehan v. Von Tarkanyi*, 63 B.R. 1001, 1002 (S.D.N.Y.1986) (citing cases); *McLearn v. Cowen & Co.*, 660 F.2d 845, 848 (2d Cir.1981).

Raising the issue that the summons and involuntary petition were never served on BHM and any of its non-petitioning partners challenges not only the sufficiency of process on the debtor, Miller, Brown and Herman but the court's personal jurisdiction. *See Sheiner*, 611 F.Supp. at 175. Subject matter jurisdiction is not the question because the court can entertain involuntary partnership bankruptcies and because the involuntary petition is facially proper; the failure to serve that petition implicates this court's power to grant relief against the debtor and its partners. *See New Haven Radio v. Meister (In re Martin–Trigona)*, 760 F.2d 1334, 1340 (2d Cir.1985).

 Valid service of process is a prerequisite to a court's assertion of personal jurisdiction over a defendant. *American Institute of Certified Public Accountants v. Affinity Card, Inc.*, 8 F.Supp.2d 372, 375 (S.D.N.Y.1998); *see Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987); *United*

States v. Laughlin (In re Laughlin), 210 B.R. 659, 661 (1st Cir. BAP 1997); *Federal Deposit Insurance Corporation v. Schaffer*, 731 F.2d 1134, 1135–36 (4th Cir.1984) ("[a]bsent effective service of process, a court is without jurisdiction to render a personal judgment against a defendant"). To comport with our deeply-ingrained notions of due process, what is required is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust, Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Where due process has been offended by a court's entry of a judgment without personal jurisdiction having been obtained, the judgment is void. *See Laughlin*, 210 B.R. at 661; *Affinity Card*, 8 F.Supp.2d at 375; *Schaffer*, 731 F.2d at 1136; *United Bank of Kuwait PLC v. Enventure Energy Enhanced Recovery Associates–Charco Redondo Butane*, 755 F.Supp. 1195, 1205 (S.D.N.Y.1989) (*citing Pennoyer v. Neff*, 95 U.S. 714, 730, 24 L.Ed. 565 (1877)). Hence, a judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law. *See Laughlin*, 210 B.R. at 661 (relief from void order is mandatory); *Affinity Card*, 8 F.Supp.2d at 375; *Howard Johnson International, Inc. v. Wang*, 7 F.Supp.2d 336, 339 (S.D.N.Y.1998). Blutrich has affirmed here that he never served the involuntary petition; no one has shown that his affirmation is false.

■ Section 303(b)(3) of the Bankruptcy Code and Fed.R.Bankr.P. 1004(b) require that all non-petitioning general partners be served with the summons and involuntary petition. Fed.R.Bankr.P. 1010 imposes the additional requirement of service of the summons and involuntary petition on the alleged debtor. This system prevents fewer than all general partners of a partnership from placing the partnership in bankruptcy without providing the non-consenting general partners with notice and an opportunity to be heard. *See Goldberg v. Rose (In re Cloverleaf Properties)*, 78 B.R. 242, 244 (9th Cir. BAP 1987). The notice required is a summons, accompanied by the involuntary peti-

tion, served either personally or by mail, informing each non-petitioning partner that a petition has been filed and that, if he or she opposes, an answer to the petition must be interposed. *Id.; see* Fed.R.Bankr.P. 1004(b), 1010, 1011, 7004(a) and (b). Clearly, Blutrich did not comply with any of these rules. And Blutrich's failure to serve the summons and involuntary petition rendered improper, for want of personal jurisdiction, entry of the order for relief as well as the ensuing bankruptcy administration.

■ The question arises, however, whether a creditor can assert the wrong that has been committed as against the debtor and its non-filing general partners. Insufficiency of process and lack of personal jurisdiction are personal defenses which, therefore, may not be raised on behalf of another party. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir.1986) (*per curiam*). Similarly, because objections to personal jurisdiction can be waived either by a party's failure to assert them or by the party's acquiescent conduct, the court ordinarily cannot raise the issue *sua sponte* as a basis for dismissal of the suit. *See Pusey v. Dallas Corporation*, 938 F.2d 498, 501 (4th Cir. 1991); *Pilgrim Badge & Label Corp. v. Barrios*, 857 F.2d 1, 3 (1st Cir.1988) (*citing Williams*, 802 F.2d at 1203 (*per curiam*) ("the court may not *sua sponte* consider defects in personal jurisdiction on behalf of parties who may choose to waive the defects or subject themselves to the court's jurisdiction in any event.")); *Anger v. Revco Drug Co.*, 791 F.2d 956, 958 (D.C.Cir.1986) (*per curiam*); *Zelson v. Thomforde*, 412 F.2d 56, 59 (3rd Cir.1969).

■ Courts have made exceptions to this general rule in the presence of extraordinary circumstances. *See Stich v. Rehnquist*, 982 F.2d 88, 89 (2d Cir.1992) (upholding the *sua sponte* dismissal, for improper venue—another waivable defense not ordinarily permissibly raised by the court on its own initiative—of an action naming Justices of the Supreme Court of the United States as defendants where the complaint alleged claims similar to those brought by the plaintiff in another circuit and which resulted in that circuit's

issuance of an order prohibiting plaintiff from bringing another suit without court approval) (*citing Concession Consultants, Inc. v. Mirisch,* 355 F.2d 369, 371 (2d Cir.1966)). Such extraordinary circumstances may exist upon the entry of a default judgment, *see Williams,* 802 F.2d at 1203; *First National Bank of Louisville v. Bezema,* 569 F.Supp. 818, 819 (S.D.Ind.1983), for defects in personal jurisdiction are not deemed waived by a party's failure to appear, plead or otherwise defend the action. *See Wolf–Tec. Inc. v. Miller's Sausage Co.,* 899 F.2d 727, 728 (8th Cir.1990); *Williams,* 802 F.2d at 1202; *District of Columbia Chamber of Commerce, Inc. v. Universal Bank,* 1990 WL 159931, *1 (D.Md. October 17, 1990); 10 *Moore's,* § 55.50[2][b][i] at 55–70. Imbedded in this exception is the premise that the default is occasioned by defective or unattempted service of process. A court raising the issue of personal jurisdiction *sua sponte* where the defendant has not been served is justified; a party without notice of a pending action against him or her cannot possibly voluntarily submit to or waive any objection to a court's jurisdiction in an action of which he or she has no knowledge.[4] When considering *sua sponte* dismissal for want of personal jurisdiction, the court is not raising the defense on behalf of the party, but is "exercising its responsibility to determine that it has the power to enter the default judgment." *See Williams,* 802 F.2d at 1203.

Here, the order for relief was a judgment by default. *See generally* Fed. R.Bankr.P. 1013(b).[5] Had my colleague understood that the summons and involuntary petition had never been served and that an affidavit attesting to service had not been provided to the court, he undoubtedly would have declined to grant an order for relief. *See* 10 *Moore's,* § 55.50[2][b][i] at 55–68 (a default judgment rendered by a court which lacked personal jurisdiction over the defendant is void). Instead, an order for relief was issued, plunging into bankruptcy a partnership all but one of whose partners had no idea of what had befallen them [6] and whose petitioning partner, whisked into the obscurity of the Federal Witness Protection Program, had attempted to withdraw the involuntary petition. Under such extraordinary circumstances, Fed.R.Civ.P. 60(b)(4), made applicable here by Fed.R.Bankr.P. 9024, allows me the latitude [7] to vacate *sua sponte* the entry of the order for relief because it is void. *See Simer v. Rios,* 661 F.2d 655, 663 n. 18 (7th Cir.1981) (district court was empowered to vacate *sua sponte* a judgment issued without due process); *see also Clifton v. Attorney General of the State of California,* 997 F.2d 660, 664 (9th Cir.1993); *International Controls, Corp. v. Vesco,* 556 F.2d 665, 668 n. 2 (2d Cir.1977) *cert. denied* 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978); *United States v. Jacobs,* 298 F.2d 469, 472 (4th Cir.1961) (court has power to vacate judgment *sua sponte* ). Whereas Fed.

4. This reasoning comports with Fed.R.Civ.P. 4(m), which provides that if a summons and complaint are not served upon the defendant within 120 days after the filing of the complaint and the plaintiff cannot show good cause for this failure, the court is empowered to dismiss the action on its own initiative. *See Fed.R.Civ.P.* 4(m); *Pusey,* 938 F.2d at 501 (agreeing with other circuits that this *sua sponte* dismissal power is no longer available to the court if the defendant inexcusably fails to raise the untimeliness of service defense by motion or answer).

5. The bankruptcy rule contemplates that if no answer to the petition is timely filed that the court shall immediately enter an order for relief. Because there was no proof of service of the petition, the court's hands were tied when it came to entering an order for relief. That an order for relief was entered on EAB's motion—which was not made on notice to the non-filing partners—is no less an entry of the order by default than it would have been had the court simply entered the order for relief when the requisite time period after service of the petition had expired.

6. The consequences to a partner of his partnership's entry into chapter 7 liquidation can be substantial, for pursuant to section 723(a) of the Bankruptcy Code, the partnership's trustee has a claim against a general partner to the extent that the partnership's property in insufficient to pay its debts in full if the general partner is personally liable for that deficiency under applicable nonbankruptcy law.

7. In the usual context, relief pursuant to Fed. R.Civ.P. 60(b)(4) is mandatory and without the court's discretion. *See Affinity Card,* 8 F.Supp.2d at 375. However, this directive appears to be less explicit when the court is acting on its own initiative.

R.Civ.P. 60(b)(4) is normally invoked by a party's motion,[8] the procedural requirement of a motion is relaxed when the parties are on notice that the defect has been brought to the court's attention in some manner. *See Clifton,* 997 F.2d at 664 *(citing Jacobs,* 298 F.2d at 472) ("Rule 60(b) need not necessarily be read as depriving the court of the power to act in the interest of justice in an unusual case in which its attention has been directed to the necessity for relief by means other than a motion."); *International Controls,* 556 F.2d at 668 n. 2. Here, I was made aware of the void order for relief by the Landlord's motion to dismiss the adversary proceeding as well as by the answer filed by Richard B. Herman, P.C., both of which documents were sufficient notice to the interested parties. *See Simer,* 661 F.2d at 663 n. 18 (intervenor's motion); *International Controls,* 556 F.2d at 668 n. 2 (appellants' 60(b)(6) motion); *Jacobs,* 298 F.2d at 472 (original party's motion to modify).[9]

■ Notwithstanding the usual jurisprudence under Rule 60(b), it is also well established that bankruptcy courts, as courts of equity, have the power to reconsider, modify or vacate previously-entered orders unless intervening rights have vested in the interim in reliance on those orders. *See Maxwell Newspapers, Inc. v. The Travelers Indemnity Company (In re Maxwell Newspapers, Inc.),* 170 B.R. 549, 550 (S.D.N.Y.1994) *(citing In re Lenox,* 902 F.2d 737, 739–740 (9th Cir.1990)). Specifically, Fed.R.Civ.P. 60(b) "does not prohibit a bankruptcy judge from reviewing, *sua sponte,* a previous order." *Lenox,* 902 F.2d at 740. It does not appear that rights have vested in reliance on the order for relief. Although a bankruptcy administration was commenced, with litigation and Herman's involuntary case being instituted, judgments have not been obtained nor has an order for relief been entered in Herman's case. Both of the involuntary cases are in their early stages.

■ Vacatur is thus appropriate, if not outright mandatory, unless it were to appear that the alleged debtor and the non-filing partners had all waived the jurisdictional defect. It is black letter law that a failure to raise the defense of lack of personal jurisdiction or insufficiency of service of process in a pre-answer motion or in an initial responsive pleading waives those objections. *See Buchanan v. Manley,* 145 F.3d 386, 388 (D.C.Cir.1998); *Trustees of Cent. Laborers' Welfare Fund v. Lowery,* 924 F.2d 731, 732 (7th Cir.1991); *Pusey,* 938 F.2d at 501; *Pardazi v. Cullman Medical Center,* 896 F.2d 1313, 1317 (11th Cir.1990); *Kersh v. Derozier,* 851 F.2d 1509, 1511–1512 (5th Cir.1988); *Giotis v. Apollo of the Ozarks, Inc.,* 800 F.2d 660, 663 (7th Cir.1986), *cert. denied,* 479 U.S. 1092, 107 S.Ct. 1303, 94 L.Ed.2d 158 (1987); *United States v. Gluklick,* 801 F.2d 834, 837 (6th Cir.1986); *Alger v. Hayes,* 452 F.2d 841, 844 (8th Cir.1972); *Konigsberg v. Shute,* 435 F.2d 551 (3rd Cir.1970); *Drabik v. Murphy,* 246 F.2d 408 (2d Cir.1957); Fed.R.Civ.P. 12(h)(1). As mentioned but moments ago, these defenses may also be waived by a party's conduct. *See Lowery,* 924 F.2d at 732; *Broadcast Music, Inc. v. M.T.S. Enterprises, Inc.,* 811 F.2d 278, 281 (5th Cir.1987) (conduct of counsel may rise to level of voluntary appearance resulting in waiver of defense of insufficiency of service); *Marcial Ucin, S.A. v. SS Galicia,* 723 F.2d 994, 996–97 (1st Cir.1983) *(citing Neirbo Co. v. Bethlehem Shipbuilding Corp.,* 308 U.S. 165, 168, 60 S.Ct. 153, 84 L.Ed. 167 (1939)).

Blutrich failed to serve the debtor and each of its non-filing partners. So long as any one of them has not waived the jurisdictional defect, I am on firm ground in considering whether the order for relief was properly entered by default. Absolutely nothing in the record indicates that Herman acquiesced in any way, shape or form to the court's jurisdiction. At every opportunity he stated that he was never served, that the involuntary case was improperly commenced and that the court lacked jurisdiction over

---

**8.** The rule provides that on motion and upon such terms as are just, the court may relieve a party or its legal representative from a final judgment, order, or proceeding because the judgment is void.

**9.** Since Blutrich already weighed in seeking dismissal, whether or not he has knowledge of the motion to dismiss and his former partner's answer is of little importance.

**61**

the debtor. In fact, he even requested dismissal. In his answer to the pending adversary proceeding, like the Landlord did by motion, he pointed to the court's defective jurisdiction as a defense. Even though it could be argued that Herman obtained actual notice of the involuntary BHM petition at some point after its filing because of the involuntary case commenced against him personally, he has preserved, through his statements and actions, his affirmative defense of lack of personal jurisdiction. Admittedly, Herman did not file an answer to the involuntary petition, but he cannot be faulted for having failed to timely register his opposition when the summons and involuntary petition were never served upon him, nor can he be held to have waived this jurisdictional defense when he has consistently challenged jurisdiction from the first contact he has had with this court.

## C. The Appropriate Remedy

Because there has been no waiver of the jurisdictional defect, the order for relief must be vacated. Ordinarily, I would grant simply that relief and direct the petitioner to serve his involuntary petition, for where a court determines that service was defective, allowing for proper service to be made is preferable to dismissing the case. *See Daley v. ALIA,* 105 F.R.D. 87, 89 (E.D.N.Y.1985); *Montgomery Zukerman, Davis, Inc. v. Diepenbrock,* 698 F.Supp. 1453, 1461 (S.D.Ind.1988) (a court's discretion to quash defective service is particularly appropriate where there is a reasonable prospect that the plaintiff will be ultimately successful in properly serving the defendant). But the factual scenario with which I am faced calls for a different outcome. Not only has Blutrich expressed the desire to terminate the proceedings, he is unavailable to prosecute his petition because of his placement into the Federal Witness Protection Program. The only two creditors to appear in the BHM case, the Landlord and EAB, have each sought to have the involuntary petition dismissed. The only non-filing partner to appear at any hearing has consistently challenged the *bona fides* of the involuntary petition. Accordingly, discretion suggests this involuntary petition ought be dismissed without prejudice to a new case being commenced by petitioning partners or creditors, should they be so advised, followed, needless to say, by appropriate service. Because the order for relief is void for want of jurisdiction, the trustee's appointment, and therefore his standing, is also improper, as a result of which the adversary proceeding must fail with the bankruptcy case.

Accordingly, the Landlord is directed to settle an order dismissing the case as well as the adversary proceeding on notice to the trustee, Blutrich at his last known address, EAB, Herman, Miller and Brown.