In re Martin LAUGHLIN and
Sharon Laughlin.

UNITED STATES of America, Appellant,

v.

Martin LAUGHLIN and Sharon
Laughlin, Appellees.

BAP No. MW 97–021.

United States Bankruptcy Appellate Panel
of the First Circuit.

Aug. 5, 1997.

John v. Cardone, United States Department of Justice, Washington, DC (Donald K. Stern, United States Attorney, Marvis A. Knospe, Special Assistant United States Attorney, Boston, MA, on brief) for appellant.

David M. Nickless, Fitchburg, MA, on brief for appellees.

Before VOTOLATO, Chief Judge and HAINES and VAUGHN, Bankruptcy Judges.

HAINES, Bankruptcy Judge.

The United States of America appeals the bankruptcy court's March 21, 1997, order denying it relief from a September 27, 1996, order that granted the Chapter 7 trustee's motion to abate federal tax penalties assessed against the estate. The appeal poses the question whether the trustee's motion to abate tax penalties initiated a "contested matter" within the meaning of the bankruptcy rules, thereby requiring the trustee to effect service upon the United States. We conclude that it did. We reverse.

## I. BACKGROUND

In September 1996 the bankruptcy trustee moved to abate federal tax penalties assessed on account of the estate's tardily-filed 1993 returns and late-paid 1993 taxes. He mailed the motion to the IRS's local Special Procedures Staff, thereby complying with Massachusetts Local Bankruptcy Rule 22 (governing "notice" to the IRS),[1] but did not serve the United States Attorney for the District of Massachusetts and the Attorney General in Washington, D.C. in accordance with Fed. R. Bankr.P. 9014 and 7004(b)(4) & (5).

In the absence of timely response, the bankruptcy court granted the trustee's motion on September 27, 1996. On December 16, 1996, the United States moved for relief from the order, asserting that the trustee had failed to effect service properly and that the September 27 order was therefore void. *See* Fed. R. Bankr.P. 9024; Fed.R.Civ.P. 60(b)(4). When the bankruptcy court denied the government's motion, it appealed.

## II. DISCUSSION:

The United States contends that the trustee's failure to follow the service requirements established by Fed. R. Bankr.P. 9014 and 7004(b)(4) & (5) deprived the bankruptcy court of jurisdiction over it for purposes of the trustee's tax penalty abatement motion. The trustee argues that the Rules' service requirements are reserved for contested matters only, and that his motion to abate

tax penalties was only an "administrative matter" until such time as the IRS registered opposition to it. He also asserts that Rule 60(b)(4) relief is unavailable because the IRS's local Special Procedure Staff had actual notice of the motion in plenty of time to avoid default. We agree with the government's view.

■ To begin, in cases involving the IRS, the real party in interest is the United States of America. *In re Morrell,* 69 B.R. 147, 149 (N.D.Cal.1986) (the IRS has no capacity to sue or be sued). *See also Blackmar v. Guerre,* 342 U.S. 512, 514, 72 S.Ct. 410, 411, 96 L.Ed. 534 (1952); *United States v. Simms (In re Simms),* 33 B.R. 792, 793 (N.D.Ga.1983). Therefore, where relief against the IRS is sought through adversary proceeding or contested matter, the United States must be properly served. *See generally United States v. Levoy (In re Levoy),* 182 B.R. 827, 833–35 (B.A.P. 9th Cir.1995) (discussing service on the United States in a contested matter).

■ Rule 9014 of the Federal Rules of Bankruptcy Procedure, addressing contested matters, provides in pertinent part:

> In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court orders an answer to a motion. *The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004* . . . . (Emphasis supplied.)

Rule 7004(b) sets forth requirements for effective service on the government:

> (4) Upon the United States, by mailing a copy of the summons and complaint addressed to the civil process clerk at the office of the United States attorney for the district in which the action is brought and by mailing a copy of the summons and

1. Local Rule 22(A) of the Bankruptcy Court for the District of Massachusetts provides:
   Whenever notice is required to be given to the Internal Revenue Service, it shall be mailed to:

District Director of Internal Revenue Attn: Chief, Special Procedures Staff
at the appropriate address.

complaint to the Attorney General of the United States at Washington, District of Columbia....

(5) Upon any officer or agency of the United States, by mailing a copy of the summons and complaint to the United States as prescribed in paragraph (4) of this subdivision and also to the officer or agency....

We readily conclude that the trustee's tax abatement motion initiated a contested matter. The Advisory Committee Note (1983) to Rule 9014 is instructive:

> Whenever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter. For example, the filing of an objection to a proof of claim, to a claim of exemption, or to a disclosure statement creates a dispute which is a contested matter. Even when an objection is not formally required, there may be a dispute. If a party in interest opposes the amount of compensation sought by a professional, there is a dispute which is a contested matter.

The trustee's characterization of his motion as an "administrative matter" is utterly unconvincing. Administrative matters do not involve disputes—at least until an objection is filed. *See* Fed. R. Bankr.P. 9014 Advisory Committee Note, *supra*. When a party files an objection to an administrative matter (such as a professional fee application or notice of sale), it becomes a contested matter. *Id.*; 10 *Collier on Bankruptcy* ¶ 9014.02 (Lawrence P. King ed., 15th ed. rev.1997) (hereinafter "Collier").[2]

In contrast, garden variety contested matters are akin to adversary proceedings in that they typically involve two (or more) parties opposing each other in relation to relief sought by motion. 10 *Collier* ¶ 9014.01. Certainly, the trustee's tax penalty abatement motion initiated a discrete dispute with the IRS regarding the estate's tax liabilities. Without agreement "up front," it was a contested matter from the outset, and would remain so until compromise or court order.

Because the trustee failed to properly serve the United States with his motion, personal jurisdiction was lacking. Fed. R. Bankr.P. 7004(f). Notice to the IRS through its local Special Procedures Staff does not cure the jurisdictional defect. *See United States v. Rockland Trust Co.*, 860 F.Supp. 895, 897 n. 3 (D.Mass.1994) (explaining why providing notice, rather than complying with 28 U.S.C. § 2410's service requirements— analogous to those of Rule 7004(b)(4) & (5)— is necessary to obtain jurisdiction over the federal government). Thus, the bankruptcy court's order of September 27, 1996, was void, *see United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661–62 (1st Cir.1990) (observing lack of personal jurisdiction can render judgment void), and its denial of the government's Rule 60(b)(4) motion was error. The order abating tax penalties is a nullity. *See Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir.1994) (if a judgment is void it is a nullity from the outset). Relief from the void order under Rule 60(b)(4) is mandatory. *Id.*; *see also United States v. Boch Oldsmobile, Inc.*, 909 F.2d at 661. Remand is unnecessary.

## III. CONCLUSION:

The bankruptcy court's order denying the United States' Rule 9024/60(b) motion for relief from the September 27, 1996, tax abatement order is **REVERSED**.

**SO ORDERED.**

---

2. The trustee is well-versed in the rules. But the argument that his motion could become a contested matter only if and when the IRS filed an objection is not only circular, it ignores Rule 9014's very text. "Knowledge is *rarely* a hindrance to irrational notions." Eric Kraft, *What a Piece of Work I Am (A Confabulation)* (Crown Pub.1994) at 121 (emphasis in original).

After explaining that a contested matter is initiated by motion, Rule 9014 provides that "[n]o response is required under this rule unless the court orders an answer...." Thus, it is the existence of an unresolved dispute and a motion seeking relief, rather than formal opposition to the relief sought, that identify a contested matter.