In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-035 CV


____________________



TMS MORTGAGE, INC. d/b/a THE MONEY STORE, Appellant



V.



ALLISON NATHAN GOLIAS, Appellee






On Appeal from the County Court at Law No. 1


Jefferson County, Texas


Trial Cause No. 90696






OPINION


 Allison Nathan Golias sued TMS Mortgage, Inc., d/b/a The Money Store, for
negligence. Her petition alleged that TMS failed to comply with a local bankruptcy rule,
which required notice of the filing of a motion for relief from a stay be provided to parties
claiming a security interest in the property, and that as a result she lost the opportunity to
protect her security interest and equity in the property foreclosed by TMS. The case was
tried to the court, which found for Golias and awarded damages in the amount of $21,000. 
TMS raises seven points of error in its brief. 

 TMS argues that no cause of action exists for the purported violation of a local
bankruptcy rule and that it owed no legal duty to Golias. Before we address these issues,
a brief recitation of the facts is in order. No contractual or fiduciary relationship existed
between the parties to this litigation. In November 1998, Golias sold a house to personal
friends, the Grants, who financed the purchase through the predecessor in interest of TMS.
The Grants could not qualify to finance more than 80% of the $105,000 purchase price;
therefore, Golias loaned the Grants $21,000 and took a second lien on the property. 
Because the first lien holder was not required to give Golias notice of default by Grant, the
Grants were contractually obligated to provide Golias with copies of cancelled checks as
proof of payment on the first lien note. The Grants stopped paying Golias after the first
three payments. The Grants did not provide the cancelled checks and failed to pay the
second lien note. Mr. Grant informed Golias that they were facing financial difficulties
and assured her that they were paying the first lien note. Golias knew by the end of 1999
that the Grants had vacated the house and moved to Orange. Eventually, Golias noticed
a "for sale" sign on the property and called the listing realtor. From the realtor, she
learned that the first lienholder, TMS, had foreclosed on the property. Investigating
further, she discovered that in July 1999, the Grants had filed a Chapter 13 bankruptcy
which was eventually converted to a Chapter 7 bankruptcy. They had not listed Golias as
a creditor. Golias also discovered that TMS obtained relief from the automatic stay so that
it could proceed with foreclosure. TMS did not serve her in September 1999 with a copy
of its motion for relief from the stay, although by signing the motion for relief from the
stay, counsel for TMS affirmatively represented to the bankruptcy court that proper service
had been made under Local Rule 4001. (1) Counsel for TMS testified that she did not notify
Golias because Golias's name did not appear in the creditor matrix filed by the Grants in
their bankruptcy. The attorney who handled the bankruptcy for TMS did not handle the
subsequent foreclosure. By the time TMS foreclosed, six months after the stay was lifted
in the bankruptcy proceeding, TMS had run a title report and was aware of Golias's
existence. TMS did not notify the second lien holder of the foreclosure of the first lien
because Texas law does not require such notice. The foreclosure occurred in March 2000,
approximately one year after the Grants defaulted on the second lien note. Golias did not
take any action in bankruptcy court regarding TMS's relief from the stay.

 Golias sued TMS on a theory of ordinary negligence, described as follows: 1) Local
Bankruptcy Rule 9013 of the Eastern District of Texas (2) required a party seeking relief from
a stay to serve a copy of the motion on any parties claiming a security interest of record
in the same property; 2) TMS failed to notify her of the filing of the motion to lift the stay,
and Golias did not learn of the filing of the bankruptcy in time to protect her security
interest; 3) therefore, she lost the difference between the value of the house and what she
received for it, $21,000. A common law negligence cause of action consists of: 1) a legal
duty owed by one person to another; 2) a breach of that duty; and 3) damages proximately
resulting from the breach. Firestone Steel Products Co. v. Barajas, 927 S.W.2d 608, 613
(Tex. 1996). The existence of a legally cognizable duty is a prerequisite to tort liability. 
Id. "Whether a duty exists is a question of law." Id. Golias articulates her claim of duty
in this way: "The Money Store had a duty to inspect the records at the Jefferson County
Courthouse under the Texas Recording Act and give a proper notice to Golias of the filing
of its motion to lift the automatic stay in the bankruptcy court." 

 Golias argues that TMS was on notice of her security interest because its existence
was recited in documents duly filed in the real estate records of Jefferson County. The
recording of an instrument in the real property records is notice to all persons of its
existence. See Tex. Prop. Code Ann. § 13.002 (Vernon 1984). The recording statute
serves a dual purpose: the protection of innocent purchasers for value and the protection
of those whose rights are disclosed by the record. Wallace v. Hoyt, 225 S.W. 425, 429
(Tex. Civ. App.--Austin 1920, writ ref'd). But nothing in Section 13.002 creates an
additional duty of disclosure or requires the holder of a superior lien to contact junior
lienholders before conducting a trustee's sale. Golias has provided the Court with no
precedent imposing a legal duty of reasonable care on a superior lienholder to protect the
security interest of a junior lienholder. (3) 

 Likewise, Golias presents no precedent imposing such a duty upon litigants with
opposing interests. In support of her argument that a legal duty exists, Golias cites In re
American Solar King, 142 B.R. 772, 776 (W.D. Tex. 1992), and In re Coral Petroleum,
Inc., 249 B.R. 721, 730-31 (S.D. Tex. 2000). Both cases concern actions brought against
the bankruptcy trustee regarding administration of the debtor's estate. Id. Fiduciary duty
is inherent in the function of a trustee. TMS, on the other hand, is a senior lienholder and
a bankruptcy creditor. No fiduciary relationship existed between TMS and Golias, so
there could be no breach of a fiduciary duty. Golias also relies upon In re Laughlin, 210
B.R. 659, 660-61, n. 1 (1st Cir. B.A.P. 1997). In re Laughlin is not a negligence case;
it involved the trustee's failure to procure formal service upon the United States of a
motion to abate federal tax penalties. The Court ruled that motion initiated a discrete
dispute with the Internal Revenue Service regarding the estate's tax liabilities. Id. at 661. 
The trustee failed to obtain the required personal jurisdiction. Id. The bankruptcy court's
jurisdiction over TMS's motion to lift the bankruptcy stay is not at issue in this litigation
in state court. 

 In the absence of a fiduciary obligation, the litigation-related independent causes of
action found at common law require malfeasance rather than misfeasance or nonfeasance. 
For example, malicious prosecution and abuse of process include malice and ulterior
motive as elements of the cause of action. See Graham v. Mary Kay Inc., 25 S.W.3d 749,
756 (Tex. App.--Houston [14th Dist.] 2000, pet. denied); Kale v. Palmer, 791 S.W.2d
628, 633 (Tex. App.-- Beaumont 1990, writ denied). In other circumstances, a litigant's
misconduct in a court may be addressed in that court without the imposition of a cause of
action in common law. For example, spoliation of evidence may be addressed in a case,
but will not support the maintenance of an independent tort suit. See Trevino v. Ortega,
969 S.W.2d 950, 953 (Tex. 1998). The remedy for miscreance within the judicial process
is to seek judicial relief as a part of that process. Prappas v. Meyerland Community Imp.
Ass'n, 795 S.W.2d 794, 797 (Tex. App.--Houston [14th Dist.] 1990, writ denied).

 There is no established cause of action in state court for damages caused by failure
to comply with the procedural rules imposed upon the parties to federal litigation. A
judicial decision to impose a new common-law duty involves complex considerations of
public policy. Graff v. Beard, 858 S.W.2d 918, 920 (Tex. 1993). The relevant
considerations include social, economic, and political questions, and their application to
the particular facts at hand; the extent of the risk involved, the foreseeability and likelihood
of injury weighed against the social utility of the actor's conduct, the magnitude of the
burden of guarding against the injury, and the consequences of placing the burden on the
defendant. Id. If TMS violated a local bankruptcy rule, the rule could be enforced or its
violation could be punished in the bankruptcy court where the offending conduct occurred.
In the absence of any relationship, whether contractual or fiduciary, between Golias and
TMS, and in absence of intentional or malicious conduct, we find insufficient basis for
imposing liability in ordinary common law negligence for the creditor's failure to comply
with the applicable bankruptcy procedure.

 Issue two is sustained. Because the appellant owed no duty to the appellee, we hold
that Golias does not have a cause of action in state court against the appellant for ordinary
negligence arising from the appellant's failure to notify the appellee that it had filed a
motion for relief from the automatic stay in the bankruptcy court. We therefore reverse
the trial court's judgment and render judgment that Allison Nathan Golias take nothing in
her suit against TMS Mortgage, Inc., d/b/a The Money Store. Because their resolution
would not affect the outcome of the appeal, we decline to address the remaining issues
raised in the appellant's brief.

 REVERSED AND RENDERED.


 PER CURIAM


Submitted on February 20, 2003

Opinion Delivered April 3, 2003


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. The text of the rule was admitted at trial. It states, in pertinent part, that a motion
for relief from the stay must contain "[a] certificate of service reflecting service on the
debtor, trustee or United States trustee, other parties who directly claim an interest in the
property subject to the motion (for example, junior lienholders or litigation co-defendants),
and any committee." 
2. The text of this rule was also provided to the trial court. It states, "When a
motion is filed which can only be authorized or granted on notice . . . , including motions
for relief from stay, the movant shall serve a copy or a summary of the motion upon those
parties who have requested notice and on the following parties at a minimum . . . . In a
Chapter 12 or 13 case: the debtor, Chapter 12 or 13 Trustee, and any parties claiming a
security interest of record in the same property, and their respective attorneys." 
3. We note in passing that notices of trustee's sale are also recorded in the county
clerk's office. See Tex. Prop. Code Ann. § 51.002 (b)(2) (Vernon 1995). Applying
Golias's logic, the posted foreclosure notice provided Golias with due notice of the
foreclosure of TMS's lien.