# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3255

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff/Appellee, | * |
| | * |
| v. | * Appeal from the United States |
| | * District Court for the |
| Three hundred fifty-three thousand | * Eastern District of Missouri. |
| six hundred thirty dollars, in United | * |
| States currency, | * |
| | * |
| Defendant, | * |
| | * |
| Robert F. Reiner, | * |
| | * |
| Claimant/Appellant. | * |

_____

Submitted: March 17, 2006
Filed: September 18, 2006

_____

Before ARNOLD and SMITH, Circuit Judges, and MAGNUSON, District Judge.[1]

_____

ARNOLD, Circuit Judge.

Following the government's seizure of more than $350,000 in cash from Robert R. Reiner, the parties to the forfeiture proceeding entered into a settlement

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

agreement. Five months after the district court[2] entered an order adopting the agreement, Robert R. Reiner, as attorney in fact for his father, Robert F. Reiner (claimant), filed a motion for relief from the order. The district court denied the motion. We affirm.

## I.

Some time after local and federal agents began investigating the finances of the claimant and his son, the son telephoned the local police department to request that an officer accompany him while he took a large amount of cash to a bank. The local police department notified Internal Revenue Service investigators, and an IRS agent obtained a warrant to seize the cash. Shortly thereafter, the government took custody of $353,630 from the claimant's son.

The government filed a verified complaint seeking civil forfeiture of the cash. It alleged that the funds were withdrawn from a number of banks in a series of transactions that were deliberately set at under $10,000 to avoid the federal reporting requirements for cash. *See* 31 U.S.C. §§ 5313(a), 5317(c)(2), 5324. The parties eventually reached a tentative settlement agreement. Although the claimant initially refused to sign the final agreement, after the government filed a motion to enforce the settlement in the district court, the claimant's son agreed to its terms on his father's behalf. Under the terms of the agreement, the government was to keep most of the funds, the claimant was to receive $80,000, and $30,000 was to go to the bankruptcy trustee who was handling a matter related to the claimant's son. The district court adopted the terms of the agreement and entered a final order disposing of the case.

The following year, the claimant, through his son, filed a motion in the district court pursuant to Fed. R. Civ. P. 60(b)(4) seeking to set the settlement agreement

---

[2]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

aside on the ground that the court lacked subject matter jurisdiction to enter its order. The district court denied the motion and the claimant appealed.

## II.

The absence of subject matter jurisdiction renders a judgment void "only when there is a plain usurpation of power, when a court wrongfully extends its jurisdiction beyond the scope of its authority." *Kansas City Southern Ry. Co. v. Great Lakes Carbon Corp.*, 624 F.2d 822, 825 (8th Cir. 1980) (en banc), *cert. denied*, 449 U.S. 955 (1980). "Stated another way, such plain usurpation of power occurs when there is a 'total want of jurisdiction' as distinguished from 'an error in the exercise of jurisdiction.' " *Id.* (quoting *Lubben v. Selective Serv. Sys.*, 453 F.2d 645, 649 (1st Cir. 1972)). Although we have sometimes said that relief from a judgment under Rule 60(b) is an extraordinary remedy left to the discretion of the district court, relief from a judgment that is void under Rule 60(b)(4) is not discretionary. *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004). Thus, while Rule 60(b) dispositions are generally reviewed for an abuse of discretion, *see, e.g., Miller v. Baker Implement Co.*, 439 F.3d 407, 414 (8th Cir. 2006), where there are no disputes over the facts pertaining to jurisdiction, an order denying relief pursuant to Rule 60(b)(4) is reviewed *de novo. See Central Vermont Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 189 (2d Cir. 2003); *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied*, 525 U.S. 1041 (1998).

The claimant contends that because the funds seized in this case were not the instrumentalities of any illegal conduct, they were not subject to forfeiture. But his argument challenges the legality of the forfeiture itself, not the district court's jurisdiction over the forfeiture action. The federal district courts have subject matter jurisdiction over civil forfeiture actions because they are "commenced by the United States," 28 U.S.C. § 1345, and are "action[s] or proceeding[s] for the recovery or enforcement of any fine, penalty, or forfeiture ... incurred under any Act of Congress," 28 U.S.C. § 1355; *cf. United States v. 5708 Beacon Drive*, 712 F. Supp.

525, 526 (S.D. Miss. 1988), *aff'd without opinion*, 875 F.2d 859 (5th Cir. 1989); *United States v. United States Currency in the Amount of $23,481*, 740 F. Supp. 950, 952 (E.D. N.Y. 1990). Congress has for a number of years authorized the forfeiture of assets withdrawn in a manner purposely designed to avoid federal reporting requirements. *See* Anti-Drug Abuse Act of 1986, Title I, § 1366(a), Pub. L. No. 99-570, 100 Stat. 3207-35 (Oct. 27, 1986) (codified as amended at 31 U.S.C. § 5317). Regardless of the merits of the claimant's argument that the government cannot prove that the money at issue was subject to forfeiture under federal law, he cannot succeed on a Rule 60(b)(4) motion. The claimant's motion does not allow us to review the underlying judgment; we are confined to determining whether the district court erred in dismissing the Rule 60(b)(4) motion. *Hunter*, 362 F.3d at 475. No such error occurred here.

## III.

For the reasons stated, we affirm the district court's judgment.

_____