# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-1317

_____

In re: Diwan, L.L.C.

*Debtor*

------------------------------

Diwan, L.L.C.

*Appellant*

v.

Maha-Vishnu Corporation; United States Trustee

*Appellee*s

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: November 16, 2016
Filed: February 17, 2017

_____

Before COLLOTON, BEAM, and GRUENDER, Circuit Judges.

_____

BEAM, Circuit Judge.

Diwan, LLC appeals the district court's[1] affirmance of the dismissal of Diwan's small business Chapter 11 bankruptcy. We affirm.

## I. BACKGROUND

The involved set of facts surrounding Diwan's bankruptcy proceedings are set out in *In re* Diwan, L.L.C., No. 12-00424-als11, 2013 WL 8351981, at *1-3 (Bankr. S.D. Iowa July 16, 2013), as well as in the district court's order on appeal, and will be reproduced here only as necessary. Diwan owned two gas stations in Davenport, Iowa. Its sole owner and manager, Ranbir Thakur, formed Thakur LLC, which entered into a sales contract with Maha-Vishnu Corp. (MVC) to purchase a motel. (We refer to Thakur personally as "Ranbir" and his company as "Thakur LLC.") The sales contract was secured in part by a personal guarantee from Ranbir. As collateral for the guarantee, Ranbir pledged a mortgage on one of Diwan's gas stations (the "Spring Street property"). Thakur LLC defaulted on the sales contract and in 2012 MVC foreclosed and purchased the motel at a sheriff's sale for $1.00. MVC failed to redeem an outstanding tax debt on the motel, and a Tax Sale Deed was issued to a third party. Also in 2012, the Iowa Court of Appeals affirmed a deficiency judgment awarded to MVC against Ranbir and Thakur LLC for $667,067.91.

Diwan filed for Chapter 11 bankruptcy in February 2012 and in June MVC filed a proof of claim for $677,130.41. Diwan objected to the claim and filed a Chapter 11 plan subordinating MVC's claim to all creditors and releasing the mortgage on the Spring Street property. MVC and other creditors objected to the plan. After a confirmation hearing, MVC amended the claim to $688,231.45, of which $612,879 was secured by the mortgage on the Spring Street property, leaving an unsecured

---

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, affirming the Honorable Anita L. Shodeen, United States Bankruptcy Judge for the Southern District of Iowa.

claim for $75,352.45.[2]  The bankruptcy court equitably subordinated $458,119 of MVC's secured claim to all creditor claims, due to an inflated sale price for the motel and the $1.00 bid.[3]  Diwan filed modified plans in April, August, and December of 2014, each prioritizing the subordinated portion of MVC's claim behind Ranbir's equity interest in Diwan.

In a February 2015 bench ruling, the bankruptcy court rejected Diwan's argument that MVC's entire claim should be disallowed under the U.C.C. and common-law doctrines of impairment of collateral.  It sustained MVC's objections to the plan's proposed interest rate and to feasibility, and it concluded that Diwan's latest plan in any event would fail the best-interest-of-the-creditors test.  The bankruptcy court denied confirmation of the plan and granted the Trustee's motion to dismiss.  On appeal, the district court affirmed.  It rejected Diwan's impairment-of-collateral argument and also found that the bankruptcy court presented alternate, independent grounds sufficient for denying confirmation and dismissing the case.

## II.    DISCUSSION

Diwan appeals the district court's affirmance, arguing that the bankruptcy court erred in overruling its objection to MVC's claim on the basis of impairment of collateral, in denying confirmation, and in dismissing its Chapter 11 case.  Like the district court, we review the bankruptcy court's factual findings for clear error, its legal conclusions de novo, and issues committed to its sound discretion for an abuse of that discretion.  Zahn v. Fink (*In re* Zahn), 526 F.3d 1140, 1142 (8th Cir. 2008).

---

[2]It is not clear from the record on appeal why Diwan is liable for the undersecured portion of MVC's claim against Ranbir and Thakur LLC, but no party disputes the matter.

[3]The court found that Magan Patel, an owner of MVC, had used a cultural position of authority over Ranbir to engage in inequitable conduct.

"Although the district court's conclusions about the bankruptcy court's decision may carry some persuasive weight, our appellate review of the bankruptcy court's decision is independent of the district court's opinion." United States v. Foust (*In re* Foust), 52 F.3d 766, 768 (8th Cir. 1995).[4]

Under the Bankruptcy Code, a debtor's Chapter 11 plan may only be confirmed, *inter alia*, if any holder of an impaired claim or interest either accepts the plan or receives no less than he would under a Chapter 7 liquidation (the best-interest-of-the-creditors test), 11 U.S.C. § 1129(a)(7)(A), and so long as confirmation does not lead to unproposed liquidation or further reorganization by the debtor or successor (feasibility), id. § 1129(a)(11). Further, impaired classes of claims must vote to accept the debtor's plan (balloting), id. §§ 1129(a)(8), 1129(a)(10), 1126, and creditors holding at least one half the number and two thirds the amount of claims in a class must accept the plan in order for the class to accept the plan, id. § 1126(c).

Diwan's briefing again primarily focuses on its impairment-of-collateral argument. It also argues that it has not waived the issues of the bankruptcy court's other reasons for denial of confirmation and dismissal and that those issues are "intertwined" with the impairment-of-collateral issue. It points to the statement in the bankruptcy court's bench ruling that because Diwan's objection to MVC's claim "is integral to the outcome of confirmation, it will be addressed first." Diwan also points to the bankruptcy court's observation, after denying confirmation and in determining whether it ought to dismiss the case, that "[i]t does appear to the Court that some of the other issues related to balloting may never be resolved due to the size of Maha-Vishnu's claim. It appears unlikely, if not impossible, for Diwan to obtain confirmation of its plan over the continued objections by Maha-Vishnu." The Trustee

---

[4]This passage allows us to quickly dispense with one of Diwan's arguments: that the district court improperly made factual findings and credibility determinations. We are reviewing the bankruptcy court's decision directly and affirm without relying on the contested portions of the district court's order.

and MVC argue that the bankruptcy court's decision may be affirmed on the alternate grounds without considering the impairment-of-collateral issue.

The first question, then, is whether the bankruptcy court's grounds for denial of confirmation were predicated on the allowance of MVC's claim, and whether any ground not so predicated was sufficient for denial of confirmation of Diwan's plan. It is fairly clear that if MVC's claim was eliminated in its entirety, the problems with Diwan's plan as to balloting and the best-interest-of-the-creditors test would have no longer presented an obstacle to confirmation. But as we read the bankruptcy court's ruling, Diwan's plan would still have failed to meet the requirements of feasibility. The bankruptcy court, using the monthly operating report for December 2014, found that Diwan would only have had $457 to make planned payments. Diwan does not challenge this finding on appeal. Further, Diwan's projected cash-flow statement used an amount for expenses based on the bottom end of its historical range of costs of goods sold, which had fluctuated as much as $5,000 higher. The bankruptcy court stated, "Factoring in this [$5,000] difference, however, could substantially affect the available cash flow for both the business operations and planned payments." These figures indicate that Diwan might not be able in some months to meet its operating expenses, let alone make plan payments to its creditors. Even without payments on MVC's claim, Diwan's plan called eventually for monthly payments of roughly $2,100 on impaired claims and Trustee's fees. Add to this the bankruptcy court's unchallenged conclusion that the plan's 5% interest rate should have been 6.25%. Thus, it appears to us that the bankruptcy court's feasibility concerns would have existed even had Diwan succeeded on its impairment-of-collateral argument.

The second issue is whether the bankruptcy court abused its discretion in dismissing the plan for cause as defined in 11 U.S.C. § 1112(b)(4)(A). The bankruptcy court may dismiss a case if there is a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." Id. Putting the balloting issue aside, the bankruptcy court noted in choosing to

dismiss, "Primarily, the issue arises as to feasibility." We think the cash flow problem identified by the bankruptcy court is alone sufficient to support the bankruptcy court's dismissal. See *In re* Schriock Constr., Inc., 167 B.R. 569, 576 (Bankr. D.N.D. 1994) ("The concept of rehabilitation necessarily hinges upon establishing a cash flow from which current obligations can be satisfied."). Feasibility would be all the more difficult in light of the increased interest rate. The bankruptcy court noted that Diwan's case had been pending for three years, and its failure to present a confirmable plan imposed substantial and continuing losses on its creditors "with regard to the continuing operating expenses that it will incur as it moves forward and the creditors continue to be stayed from obtaining payment." Thus, even giving Diwan the benefit of the impairment-of-collateral issue, we find a sufficient basis in the record to defer to the bankruptcy court's "broad discretion" in determining whether a Chapter 11 case should be dismissed. Loop Corp. v. United States Trustee, 379 F.3d 511, 515 (8th Cir. 2004).

## III.   CONCLUSION

For the foregoing reasons, we affirm.

_____