# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3633

_____

Robert McKeage, on behalf of themselves and all others similarly situated; Janet McKeage, on behalf of themselves and all others similarly situated

*Plaintiffs - Appellants*

v.

Bass Pro Outdoor World, LLC; TMBC, LLC; Tracker Marine Retail, LLC

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: September 25, 2019
Filed: December 4, 2019
_____

Before KELLY, MELLOY, and STRAS, Circuit Judges.
_____

KELLY, Circuit Judge.

Robert and Janet McKeage filed this class action lawsuit in 2009. They alleged that TMBC's nationwide practice of charging a fee for preparing legal documents when selling boats and trailers constituted unauthorized law business in violation of Mo. Rev. Stat. §§ 484.010 and 484.020. The district court granted

summary judgment to the class and awarded attorney's fees and costs from the common fund. We affirmed the grant of summary judgment but reversed and remanded the award of attorney's fees and costs, directing the district court to enforce a contractual fee-shifting provision that entitled the class to recover "all litigation costs and expenses, including reasonable attorneys' fees" from TMBC.[1] On remand, the district court shifted $2,398,353.09 in attorney's fees to TMBC but awarded $700,000 in costs from the common fund.

The McKeages appeal. They contend that the district court erred in awarding costs from the common fund, in denying as "speculative" $18,633.56 in future costs, and in declining to award additional attorney's fees from the common fund. TMBC counters that the class members lack standing to bring this action. We conclude that the plaintiffs have standing, and we find no error in the amount of attorney's fees and costs awarded, but we reverse the district court's decision to award the plaintiffs' costs from the common fund rather than shifting them to TMBC.

## I. Standing

After ten years of litigation, TMBC asserts, for the first time, that the class members lack standing because they voluntarily agreed to pay the document fee as part of their boat purchases. In TMBC's view, the class members were not injured because they "wanted what they got and got what they wanted." We disagree.

The class members have a statutory right not to be charged for law business by a non-attorney. TMBC's violation of that right caused a "particularized" injury that affected the class members in a "personal and individual way." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548 (2016) (citation omitted). Paying a fee they should not

_____

[1]The relevant factual background is fully set forth in our prior opinion, McKeage v. TMBC, LLC, 847 F.3d 992 (8th Cir. 2017).

have been charged was also a "concrete" injury, not an "abstract" one that does not "actually exist." Id. (cleaned up). Thus, the class members suffered an injury in fact and have standing to bring this action. Cf. Hargis v. Access Capital Funding, LLC, 674 F.3d 783, 791 (8th Cir. 2012) (a plaintiff who did not pay a fee for unauthorized legal services did not have standing to bring an unauthorized-practice-of-law claim).

## II. Attorney's Fees

The district court initially awarded the class $2,425,359.42 in attorney's fees from the common fund (33% of the plaintiffs' untrebled damages). McKeage v. Bass Pro Outdoor World, L.L.C., No. 12-03157-CV-S-GAF, 2015 WL 13637253, at *5 (W.D. Mo. Aug. 11, 2015). We reversed, finding it inequitable for the common fund to pay the entire fee award when a contractual fee-shifting provision entitled the class to recover "all litigation costs and expenses, including reasonable attorneys' fees" from TMBC. McKeage, 847 F.3d at 1004. However, because there is "a distinction between the amount a losing party may be required to pay under an agreed-upon contractual fee-shifting provision and the amount a class member should equitably be required to pay his or her own lawyer under the common fund doctrine," we left the decision of whether to award additional fees from the common fund to the district court's discretion. Id.

On remand, the district court awarded the class $2,398,353.09 in attorney's fees, to be paid by TMBC, under the lodestar method. It declined to award additional attorney's fees from the common fund. On appeal, the McKeages do not contest the district court's lodestar calculation or the amount it shifted to TMBC. They argue only that the district court abused its discretion in not awarding additional attorney's fees from the common fund.

We emphasized in our prior opinion that the decision of whether to award additional fees from the common fund was discretionary. McKeage, 847 F.3d at

1004. In awarding only the lodestar amount, the district court effectively decided that it was not inequitable for the class to receive the full damages award while class counsel received a presumptively reasonable fee from TMBC. See City of Burlington v. Dague, 505 U.S. 557, 562 (1992) ("We have established a strong presumption that the lodestar represents the reasonable fee." (cleaned up)). The McKeages have not contested the district court's lodestar calculation, and we find no abuse of discretion in the district court's decision to award only that amount.

## III.  Costs

The district court previously granted the plaintiffs' request for $409,211.48 in costs but awarded them from the common fund. McKeage, 2015 WL 13637253 at *5. The McKeages argued on appeal that their costs should be shifted to TMBC under the parties' contracts. After we remanded for the district court to enforce the fee-shifting provision, the McKeages increased their request to $718,633.56 in costs. This included the previously awarded $409,211.48 plus $18,470.08 for subsequent expenses and $290,952 that they expected to incur when they administered the fund. TMBC did not dispute that it was liable for the previously awarded $409,211.48 or the subsequently incurred $18,470.08. However, it argued that the fee-shifting provision "permits the prevailing party to recover no more than its *actual* litigation costs and expenses" and that the estimated $290,952 in fund-administration expenses were not *actual* litigation costs and expenses because they had not yet been incurred. The amount was merely an estimate "based on a number of assumptions, including that there will be a 10% return rate for undeliverable mail, costing $14,134." The district court held that "to balance the need for additional funds to administer the common fund with the speculative nature of the future costs claimed by Plaintiffs, the Court will award total costs from the common fund of no greater than $700,000, inclusive of the $409,211.48, to be awarded immediately."

The McKeages challenge the district court's decisions to award the costs from the common fund and to limit the award to $700,000. TMBC does not renew its argument that the fund-administration expenses are speculative. Instead, it raises a new argument that fund-administration expenses do not fall within the phrase "all litigation costs and expenses" in the parties' contract. Because TMBC did not raise this argument before the district court, we decline to consider it here. See Ames v. Nationwide Mut. Ins. Co., 760 F.3d 763, 770 (8th Cir. 2014) ("As a general rule, we do not consider arguments or theories on appeal that were not advanced in the proceedings below." (citation omitted)). TMBC has not argued that the proper resolution of this issue is beyond any doubt or that injustice might result from our failure to consider its new argument. See id.

We find no abuse of discretion in the district court's decision to limit the award, including future costs, to $700,000. See Sturgill v. United Parcel Serv., 512 F.3d 1024, 1036 (8th Cir. 2008) (standard of review). The district court reasonably found that the plaintiffs did not establish that they were entitled to the full amount of costs they requested, as the future costs had not been incurred and the plaintiffs' estimates were based, in part, on assumptions about future behavior.

However, we conclude that the district court erred in awarding the plaintiffs' costs from the common fund rather than shifting them to TMBC. The class members' contracts entitled them to have "all litigation costs and expenses" paid by TMBC. Neither party argued that the non-speculative costs should not be shifted to TMBC, and the district court's *sua sponte* decision to instead award them from the common fund deprived the class members of the benefit of their contractual bargain. See McKeage, 847 F.3d at 1004.

## IV. Conclusion

Accordingly, we affirm the district court's award of $2,398,353.09 in attorney's fees to be paid by TMBC. We also affirm the district court's award of up to $700,000 in costs. But we reverse the district court's decision to award these costs from the common fund. They are instead shifted to TMBC pursuant to the parties' contracts.

_____