# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-1155

_____

In re: Anthony J. Nicolaus

*Debtor*

------------------------------

Anthony J. Nicolaus

*Appellant*

v.

United States of America, on behalf of Internal Revenue Service

*Appellee*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: January 17, 2020
Filed: July 6, 2020

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

STRAS, Circuit Judge.

We are faced with an issue of bankruptcy procedure. Must a debtor object to a proof of claim filed by the Internal Revenue Service by serving it on the Attorney General and the local United States Attorney? Or is it good enough to simply mail it directly to the IRS? Because the latter is all the Federal Rules of Bankruptcy Procedure required at the time, and both the bankruptcy court and the district court concluded otherwise, we reverse.

I.

According to the IRS, Anthony Nicolaus is responsible for nearly $93,000 in penalties for failing to pay withholding taxes owed by a business that he ran with his brother. *See* 26 U.S.C. § 6672 (allowing the IRS to recover penalties from "[a]ny person required to collect, truthfully account for, and pay over" withholding taxes who "willfully" fails to do so). Shortly after the IRS began its collection efforts, he declared bankruptcy. At that point, in an effort to recover from his bankruptcy estate, the IRS filed a proof of claim. *See* Fed. R. Bankr. P. 3001 (explaining that a proof of claim "is a written statement setting forth a creditor's claim"); *id.* 3002 (requiring creditors to "file a proof of claim").

Nicolaus responded by filing an objection and mailed a copy of it to the address listed on the IRS's proof of claim. After 21 days had passed with no response, the bankruptcy court sustained the objection and disallowed the claim. *See* Bankr. N.D. Iowa R. 3007-1(a).

The dispute did not end there. Nearly a year later, after the bankruptcy estate had been closed, the IRS moved to vacate the order disallowing its claim. *See* Fed. R. Bankr. P. 9024 (allowing motions to reopen the judgment in bankruptcy proceedings in accordance with Federal Rule of Civil Procedure 60(b)). Its theory was that the judgment was void for lack of personal jurisdiction because Nicolaus never properly served the United States with the objection. *See* Fed. R. Civ. P. 60(b)(4) (providing for relief from void judgments).

The bankruptcy court agreed and vacated its earlier order disallowing the claim. This action opened the door for the IRS to potentially recover from Nicolaus post-bankruptcy. *See* 11 U.S.C. §§ 507(a)(8)(C); 523(a)(1)(A); *see also United States v. Sotelo*, 436 U.S. 268, 282 (1978) (explaining that amounts assessed under 26 U.S.C. § 6672 cannot be discharged in bankruptcy). Nicolaus appealed to the district court, *see* 28 U.S.C. § 158(c)(1)(A), which affirmed. Our review is de novo. *See Diwan, L.L.C. v. Maha-Vishnu Corp. (In re Diwan, L.L.C.)*, 848 F.3d 1147, 1149 (8th Cir. 2017); *United States v. Three Hundred Fifty-Three Thousand Six Hundred Thirty Dollars, in U.S. Currency*, 463 F.3d 812, 813 (8th Cir. 2006).

II.

Before we get to the bankruptcy court's jurisdiction, we begin with our own. At oral argument, the United States questioned whether the order at issue here is final. Oral Arg. at 18:05–18:16. Whether an "[o]rder[] in [a] bankruptcy case[] qualif[ies] as 'final'" depends on whether it "definitively dispose[s] of [a] discrete dispute[] within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020); *see also* 28 U.S.C. § 158(a) (providing the district court with jurisdiction over appeals "from final judgments, orders, and decrees . . . entered in [bankruptcy] cases and proceedings"); *id.* § 158(d)(1) (giving us jurisdiction to review the district court's decision).

The "discrete dispute" here, called a "contested matter" in bankruptcy parlance, arose once Nicolaus objected to the IRS's proof of claim. *See* 9 *Collier on Bankruptcy* ¶ 3007.01[1] (Richard Levin & Henry J. Sommer eds., 16th ed. 2019) (explaining that a claim objection creates a contested matter). Contested matters, which otherwise could have been "stand-alone lawsuits but for the bankrupt status of the debtor," are "discrete disputes" that are a part of the "overarching bankruptcy case." *Ritzen*, 140 S. Ct. at 586 (quoting *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)).

-3-

The order itself also "definitively dispose[d]" of the dispute. "[D]ismissal for want of personal jurisdiction ranks as a final decision," *Ritzen*, 140 S. Ct. at 590, and for good reason. As the United States conceded at oral argument, once the bankruptcy court decided that it could not consider Nicolaus's objection because he never properly served it, the discrete dispute ended and there was nothing left for the court to do. Oral Arg. at 22:31–22:41. Any further disagreements over the tax penalties were beyond the scope of the bankruptcy case, and in particular, Nicolaus's objection to the proof of claim. *See Ritzen*, 140 S. Ct. at 586. The order, in other words, was final.

### III.

We now switch to the bankruptcy court's jurisdiction, and specifically, whether Nicolaus ever brought the United States within it. The United States, for its part, does not dispute that personal jurisdiction existed if Nicolaus followed the bankruptcy rules when he served a copy of his objection. *Cf. Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (explaining that service of process is "ordinarily" required before a court can exercise personal jurisdiction). The disagreement all comes down to *who* was supposed to receive a copy of the objection.[1]

Federal Rule of Bankruptcy Procedure 3007(a), as it existed when Nicolaus filed his objection, provides the answer:

> An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be

---

[1]Nicolaus presents another theory too, one that is unnecessary to address. In his view, once the IRS filed a proof of claim, personal jurisdiction existed over the United States based on the bankruptcy court's in-rem jurisdiction over the estate and any claims filed against it.

mailed or otherwise delivered to *the claimant*, the debtor or debtor in possession, and the trustee at least 30 days prior to the hearing.

(Emphasis added).[2] The "claimant" here was the IRS, which indisputably received a copy of Nicolaus's objection by mail. Nothing else was required.

The United States, the bankruptcy court, and the district court all viewed the matter differently. Relying on the analysis adopted by a number of other courts, they identified a second, special requirement for claims filed by a federal agency: service on the Attorney General and the local United States Attorney. *See, e.g.*, *In re Laughlin*, 210 B.R. 659, 660–61 (B.A.P. 1st Cir. 1997); *United States v. Filipovits*, No. CIV. A. MJB-95-3049, 1996 WL 627412, at \*2 (D. Md. Aug. 27, 1996); *In re Morrell*, 69 B.R. 147, 149 (N.D. Cal. 1986).

Their analysis starts with Federal Rule of Bankruptcy Procedure 9014, which requires that "motion[s]" in "contested matter[s] not otherwise governed by these rules" be served "in the manner provided for service of a summons and complaint by Rule 7004." Rule 7004, in turn, says that to serve a federal agency, a "summons and complaint" must be mailed to the "Attorney General of the United States" and to the "process clerk" for the "United States attorney for the district in which the action is brought." Only by completing these steps, the United States says, could Nicolaus have brought it within the bankruptcy court's jurisdiction.

This interpretation, however, slides right by a key word and phrase. The word is "motion." Fed. R. Bankr. P. 9014(b). An objection is not a motion, so it is not subject to the service requirements in Rule 7004. *See In re Hawthorne*, 326 B.R. 1, 3 (Bankr. D.D.C. 2005); *see also* 10 *Collier on Bankruptcy*, *supra*,

---

[2]With an effective date of December 1, 2017, an amendment to Rule 3007(a) now expressly requires objections to a federal agency's claim to be mailed to the Attorney General and the local United States Attorney's Office. The pre-amendment version applies here, however, because Nicolaus filed his objection before the effective date of the 2017 amendment.

¶ 9014.02 (differentiating between contested matters initiated by motion and by objection). The phrase is "[i]n a contested matter not otherwise governed by these rules." Fed. R. Bankr. P. 9014(a). As is already clear, another rule *does* govern this type of contested matter: Rule 3007(a). So the fact that *motions* must be served on the Attorney General and the local United States Attorney in *other* contested matters is beside the point.[3]

The Advisory Committee's Notes do not convince us otherwise. It is true that one of them says that a "contested matter initiated by an objection to a claim is governed by rule 9014 . . . ." Fed. R. Bankr. P. 3007, advisory committee's notes. At first glance, this statement would seem to lend support to the bankruptcy court's conclusion that Nicolaus had to do more here.

But a closer look suggests otherwise. Rule 9014 broadly governs "contested matter[s]," and it addresses topics other than just service of "a summons and complaint." *See* Fed. R. Bankr. P. 9014(d), (e) (addressing the "[a]ttendance" and "testimony" of witnesses). What this means is that a "contested matter initiated by an objection" can still be "governed by Rule 9014," as the advisory note directs, even if delivery is accomplished some other way.

Moreover, to the extent that the bankruptcy court read the advisory committee's note to overcome the plain language of Rule 3007, it should not have. The notes "do[] not have the force of law," *Clark v. Long*, 255 F.3d 555, 559 (8th Cir. 2001), and certainly cannot "outweigh[]" a rule's text when it "points clearly enough in one direction," *Williamson v. United States*, 512 U.S. 594, 602 (1994),

---

[3]Perhaps aware of some of these shortcomings, the United States has a new argument for why this two-step service requirement applies here: Nicolaus's objection was "essentially" a request for a determination of tax liability. *See* 11 U.S.C. § 505(a) (authorizing the bankruptcy court to "determine the amount or legality of any tax"). We decline to address this argument, because neither the bankruptcy court nor the district court had a chance to address it. *See McKeage v. Bass Pro Outdoor World, LLC*, 943 F.3d 1148, 1152 (8th Cir. 2019).

as it does here.  According to the plain language of Rule 3007, an objection need only be mailed to the "claimant."  Once Nicolaus fulfilled this requirement, he did enough to bring the United States within the jurisdiction of the bankruptcy court.

We accordingly reverse and remand for the bankruptcy court to reinstate its prior order sustaining Nicolaus's objection.

_____